# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WENDELL LEONARD CRUSE,**

    **Plaintiff,**

v.                                     **Civil Action 2:18-cv-1542**
                                          **Judge Algenon L. Marbley**
                                          **Magistrate Judge Chelsey M. Vascura**

**SGT. "JOHN" MONTROSE,** *et al.*,

    **Defendants.**

---

**WENDELL LEONARD CRUSE,**

    **Plaintiff,**

v.                                       **Civil Action 2:18-cv-1543**
                                          **Judge Michael H. Watson**
                                          **Magistrate Judge Elizabeth P. Deavers**

**SHELLEY PHAN,**

    **Defendant.**

## OPINION AND ORDER

On November 29, 2018, Plaintiff filed the two above-captioned actions. In both actions, Plaintiff brings claims under 42 U.S.C. § 1983 alleging that Defendants' denial of access to an adequate law library violated his constitutional right to access the courts. Because Plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis,* a Notice of Deficiency and Order and Notice of Deficiency issued in both of the above-captioned cases,

advising Plaintiff that his failure to either pay the filing fee or file such an application would result in dismissal of his case. (Case No. 2:18-cv-1542-ALM-CMV ("The 1542 Case"), ECF Nos. 3 and 4; and 2:18-cv-1543-MHW-EPD ("The 1543 Case"), ECF Nos. 3 and 5.) When Plaintiff failed to timely pay the filing fee or file an application to proceed *in forma pauperis*, the United States Magistrate Judges assigned to the cases issued Reports and Recommendations recommending that the cases be dismissed for failure to prosecute. (The 1542 Case, ECF No. 6; The 1543 Case, ECF No. 8.) When Plaintiff failed to timely object to the Reports and Recommendations, the Court adopted the recommendations, dismissing The 1542 Case without prejudice to refiling and dismissing The 1543 Case with prejudice. (The 1542 Case, ECF No. 8; The 1543 Case, ECF No. 10.) This matter is before the Court for consideration of the nearly identical Motions to Reopen and Motions for Leave to Proceed *In Forma Pauperis* Plaintiff filed in both cases. (The 1542 Case, ECF Nos. 10 and 11; The 1543 Case, ECF Nos. 13 and 14.) For the reasons that follow, Plaintiff's Motions are **DENIED**.

**I.**

In his Motions to Reopen, filed approximately six months after he filed these actions, Plaintiff asks the Court to grant him relief from judgment and re-open the cases because he did not receive the Court's Orders. He explains that he did not receive this Court's orders, which were returned to the Court as undeliverable, because he was transferred to another jail. (The 1542 Case, ECF No. 10; The 1543 Case, ECF No. 13.)

The Court construes Plaintiff's Motions to Re-Open as motions for relief from final judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) permits this Court to grant a motion for relief from a final judgment for the following reasons:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Although trial courts have "especially broad" discretion in considering motions made under Rule 60(b), "[t]he grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d. 499 (6th Cir. 2014) (internal quotation marks and citations omitted). Rule 60(b)(6) "is a catchall provision, which provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550 at 553 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1708 (2015). "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)), *cert. denied*, 137 S.Ct. 1201 (2017).

    The Court finds no basis for granting relief under Rule 60(b). Plaintiff did not receive this Court's notices and orders because he failed to notify the Court of his change in address. Plaintiffs have an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all

3

changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."); *see also Kosher v. Butler Cnty. Jail*, No. 1:12-cv-51, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) (citing *Buck v. U.S. Dep't of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608-09 (6th Cir. 1992) ("Without such basic information as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.") (Report and Recommendation Adopted); *S.D. Ohio Guide for Pro Se Civil Litigants*, p. 14 ("[I]f your address or phone number changes, you must promptly notify the Court, in writing, of your new contact information. . . . **If you fail to keep the Court informed of your current address/telephone number, your case may be dismissed for lack of prosecution**." (emphasis in original)). Plaintiff fails to offer any explanation for his failure to notify the Court of his change in address or for waiting until nearly six months after his transfer to file the subject Motions to Re-Open. Plaintiff's Motions to Re-Open are therefore **DENIED**.

The Court will, however, permit Plaintiff to re-file new actions advancing these claims. Any re-filed actions must identify the above-captioned cases as related cases. Plaintiff is advised, however, that if he opts to re-file, his actions may be subject to dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

## II.

For the reasons set forth above, Plaintiff's Motions to Re-Open are **DENIED**, and his Motions to Proceed *In Forma Pauperis* are **DENIED AS MOOT**. Plaintiff may, however, re-

file new actions advancing the claims set forth in the above-captioned actions, and if he elects to do so, he must identify the above-captioned cases as related cases.

**IT IS SO ORDERED.**

                                                **s/Algenon L. Marbley**
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**


                                                **s/Michael H. Watson**
                                                **MICHAEL H. WATSON**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: June 3, 2019**